

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN J. VELASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 4896 |
| ) | |
| THE CITY OF WAUKEGAN, ) | Paul E. Plunkett, Senior Judge |
| ILLINOIS, WAUKEGAN POLICE ) | |
| CHIEF OF POLICE WILLIAM BIANG, ) | |
| WAUKEGAN POLICE OFFICER ) | |
| THOMAS GRANGER, WAUKEGAN ) | |
| POLICE COMMUNITY SERVICE ) | |
| OFFICER IRENE KATRALIS, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Juan J. Velasquez has sued the City of Waukegan, Waukegan's Chief of Police, William Biang, Waukegan Police Officer, Thomas Granger, and Waukegan Police Community Service Officer, Irene Katralis ("Defendants") pursuant to 42 U.S.C. § ("section") 1983 for their alleged violations of his constitutional rights. Plaintiff alleges liability against William Biang only in his official capacity. Defendants have filed a motion to dismiss William Biang from being named as an individual defendant pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

1

## Background

Plaintiff lives in Waukegan, Illinois and on August 27, 2003, Plaintiff was arrested for interfering with police activities. (Comp. ¶¶ 8,11.) Officer Irene Katralis was working undercover and informed Officer Thomas Granger that Velasquez was impeding her undercover operation. (*Id.* ¶ 11.) Plaintiff alleges that during the arrest, Katralis and Granger made racial and derogatory comments, injured his arm, and wrongly charged him with obstructing justice. (*Id.* ¶¶ 12,13,14.) At the time of the arrest, William Biang was Chief of Waukegan Police Department. (*Id.* ¶ 5.) Plaintiff has filed a four-count complaint against the city of Waukegan, Biang in his official capacity, and Katralis and Granger in the their official and individual capacities. (*Id.* ¶¶ 5,6,7.)

## Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, a court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Moreover, any ambiguities in the complaint will be construed in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

## Discussion

In their motion to dismiss, Defendants contend that Biang should not be named as a defendant because he is being sued only in his official capacity and naming both Biang and the City

of Waukegan is redundant. Also, Defendants contend that the state law claims of *Respondeat Superior* and Indemnification fail because Plaintiff has not alleged any state law torts and the statute of limitations has run on both claims. In his response, Plaintiff concedes that the *Respondeat Superior* and Indemnification claims are not viable and therefore stipulates to their dismissal. (Pl.'s Resp. Def.'s Mot. Dis. ¶ 6.)

We next address Defendants' assertion that Biang should not be named as a defendant. Plaintiff has asserted a § 1983 claim against the City of Waukegan and William Biang as Chief of Police of Waukegan. To state an official capacity claim against Biang, Plaintiff must only state a section 1983 claim against the City of Waukegan. *See e.g. DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 974 n.1 (7th Cir. 2000)(stating that an official capacity suit is the same as a suit against the entity of which the officer is an agent.) An official capacity claim is not really a claim against a government official, but a claim against the government entity that employs him. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that official capacity suits are, in essence, suits against the government employer); *see Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (noting that the city is the true defendant in official capacity suits against city officials).

Here, Biang as the Chief of Police, has been sued in his official capacity for maintaining the policies and practice of the Waukegan Police Department. Specifically, Plaintiff alleges that Biang condoned the use of excessive force in his department. To sue Biang in his official capacity, however, Plaintiff need only name the entity for which he works; naming both is pointless.

Plaintiff points to a Pennsylvania district court case in which the court did not dismiss the Police Chief from the complaint that named both the city and the chief as defendants. *Mitros v. Borough of Glenolden*, 170 F. Supp. 2d 504, 507 (E.D. Pa. 2001). There, the court determined that

3

a suit that is brought against an officer of a municipality in his official capacity is the same as bringing suit against the municipality itself. *Id.* It is when a suit is brought against an officer in his *individual* capacity, that the individual should remain named in the lawsuit. *Id.* (emphasis added) The court there determined that because it was unclear whether the suit was against the chief of police in both his official capacity and individual role, dismissal was not appropriate at that time. *Id.* Reliance on that decision misses the mark.

Here, there is no ambiguity as to whether William Biang is named in his official or individual capacity. In Plaintiff's complaint he states, "Defendant William Biang sued herein in his official capacity . . . ." (Pl.'s Comp. ¶ 5.) No where in the pleadings does Plaintiff state that Biang is being sued in an individual capacity. Thus, Biang must be dismissed.

## Conclusion

For the reasons stated above, Defendants motion to dismiss is granted. Chief of Police Biang, sued only in his official capacity is dismissed.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: APR 27 2006

4